1
2
3
4
5
6
7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DANIEL ALEM,                          No.  2:17-CV-0343-KJM-DMC-P

11                 Plaintiff,

12          v.                             ORDER

13   M. CURRY, et al.,

14                 Defendants.

15

16          Plaintiff, a prisoner proceeding pro se, brings this civil rights action under

17   42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by

18   Eastern District of California local rules.

19          On May 6, 2020, the magistrate judge filed findings and recommendations, which

20   were served on the parties and which contained notice that the parties may file objections within

21   the time specified therein.  Plaintiff filed timely objections to the findings and recommendations.

22          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304,

23   this court has conducted a *de novo* review of this case.  Having reviewed the file, for the reasons

24   explained below, the court adopts the findings relevant to the contention of defendants Ojo and

25   Arnold that plaintiff failed to exhaust administrative remedies as to his claim against those

26   defendants and therefore dismisses those claims as required by *McKinney v. Carey*, 311 F.3d

27   1198 (9th Cir. 2002).  The court declines to adopt the findings in section V.B. and C. and refers

28   the matter back to the assigned magistrate judge for further proceedings consistent with this order.

1       By this action, plaintiff claims that defendants Curry, Ojo and Arnold violated his

2    rights under the Equal Protection Clause of the Fourteenth Amendment to the United States

3    Constitution.  Findings and Recommendations, ECF No. 41, at 2 (citing Compl., ECF No. 1).

4    Specifically, plaintiff alleges that defendant Curry improperly rehoused plaintiff with an inmate

5    of the same race as plaintiff and, when plaintiff complained the new cell-mate was "an 'active

6    prison gang member'" denied plaintiff's request to be housed with an inmate of a different race

7    and charged plaintiff with violating prison rules by refusing the housing order.  *Id*. at 1-2.

8    Defendant Ojo interviewed plaintiff and ultimately found plaintiff guilty of the charge of refusing

9    the order, and defendant Arnold denied plaintiff's grievance at the second level of administrative

10   review.  *Id*. at 2.

11        <u>Defendants Ojo and Arnold</u>

12       The findings and recommendations set out correctly the facts and legal principles

13   applicable to defendants' contention that plaintiff failed to exhaust administrative remedies with

14   respect to his claim against defendants Ojo and Arnold, and correctly conclude that plaintiff failed

15   to exhaust administrative remedies as to either defendant.  Given this finding, however, and the

16   threshold nature of exhaustion requirements, the proper disposition is dismissal without prejudice

17   of plaintiff's claim as to these two defendants.  *See McKinney*, 311 F.3d at 1200; *see also Lira v.*

18   *Herrera*, 427 F.3d 1164, 1173 (9th Cir. 2005).  The court therefore declines to adopt sections

19   V.B.2, V.B.3, or V.C. at 23:10-25 of the findings and recommendations and will instead dismiss

20   plaintiff's claim against defendants Ojo and Arnold without prejudice for failure to exhaust

21   administrative remedies.

22        <u>Defendant Curry</u>

23       The magistrate judge recommends summary judgment for defendant Curry both on

24   the merits of plaintiff's claim and on the grounds of qualified immunity.  *See* ECF No. 41 at 16-

25   18, 21-24.  The magistrate judge finds defendants have presented evidence that defendant

26   Curry's housing order was "made to free up cell space and . . . in accordance with non-

27   discriminatory CDCR procedure" and that "plaintiff's assertion that Curry's actions were racially

28   motivated are entirely conclusory and unsupported by any other document submitted to the court

for review." ECF No. 41 at 17–18. Plaintiff objects to the magistrate judge's finding that plaintiff has failed to present evidence sufficient to establish a triable issue of material fact that Curry's decision to rehouse plaintiff was racially motivated. ECF No. 44 at 7–10. Plaintiff's objection is well-taken.

The findings and recommendations correctly set out the legal standards that apply to plaintiff's Equal Protection claim, ECF No. 41 at 16; those standards are adopted in full. As noted, in order to prevail on his claim plaintiff must prove that defendant Curry's housing order was based on racially motivated discriminatory intent. *Id*. In his opposition to the motion for summary judgment, ECF No. 37 at 3, and in his objections, ECF No. 44 at 7-10, plaintiff points to defendant Curry's description of his purpose in ordering plaintiff rehoused, which defendant Curry provided in the Rules Violation Report against plaintiff; defendant Curry wrote that he "attempted to move [plaintiff] out of his cell for purposes of compaction with another inmate within his Ethnicity (Other)." ECF No. 1 at 26. This statement in the Rules Violation Report gives rise to a reasonable inference that defendant Curry's rehousing order was racially motivated and is sufficient to create a triable issue of material fact on plaintiff's claim against defendant Curry. For this reason, the court declines to adopt section V.B.1 of the findings and recommendations from 17:13-18:27.

The magistrate judge also concludes that defendant Curry is entitled to qualified immunity based on the magistrate judge's interpretation of the state of the evidence on the merits of plaintiff's claim. The legal principles applicable to plaintiff's Equal Protection claim set out by the magistrate judge and adopted in full by this order are clearly established law for purposes of a qualified immunity analysis. *See* ECF No. 41 at 21-24. Defendant Curry sought qualified immunity on the basis of an assertion that the facts were undisputed. *See* ECF No. 34-1 at 18–19. However, as explained, there is a disputed issue of material fact as to whether defendant Curry's housing order was racially motivated. On this record, then, this disputed fact precludes summary judgment for defendant Curry on the merits of plaintiff's claim. The court therefore declines to grant summary judgment for defendant Curry on the ground of qualified immunity as presented in his motion for summary judgment.

1    In accordance with the above, IT IS HEREBY ORDERED that:

2         1.    The findings and recommendations filed May 6, 2020, are adopted to the

3    extent consistent with this order;

4         2.    Defendants' motion for summary judgement (ECF No. 34) is GRANTED

5    in part and DENIED in part;

6         3.    Plaintiff's claim against defendants Ojo and Arnold is DISMISSED

7    without prejudice for failure to exhaust administrative remedies;

8         4.    Defendants' motion for summary judgment is DENIED as to defendant

9    Curry; and

10        5.    This matter is referred back to the assigned magistrate judge for further

11   proceedings consistent with this order.

12   DATED:  August 12, 2021.

CHIEF UNITED STATES DISTRICT JUDGE