IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALEM,<br><br>        Plaintiff,<br><br>   v.<br><br>M. CURRY,<br><br>        Defendant. | No. 2:17-CV-0343-KJM-DMC-P<br><br><br>ORDER |

        Plaintiff, a prisoner proceeding pro se, brings this civil rights action. Pending before the Court is Plaintiff's motion, ECF No. 59, for the appointment of counsel.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in civil rights cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect

to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. According to Plaintiff, appointment of counsel is warranted because: (1) he cannot afford to retain counsel; (2) Plaintiff being transferred to and from court might delay the trial; (3) Plaintiff has no law library access due to COVID-19 restrictions; (4) the issues involved in this case are complex. See ECF No. 59, pgs. 1-2. These circumstances are generally common among prisoners and are not the types of exceptional circumstances necessary for the appointment of counsel. In addition, the case is not particularly complex. Plaintiff's filings suggest a sufficient ability to litigate and articulate his one claim against the one defendant. Finally, Plaintiff has not argued the likelihood of success on the merits. Plaintiff has made cognizable claims and passed summary judgment thus far, which indicates the possibility of success. But it is of course not dispositive as to Plaintiff's likelihood of success.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 59, is denied.

Dated: November 5, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE