IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALEM, | No. 2:17-CV-0343-DAD-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| M. CURRY, | |
| Defendant. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's petition for a writ of habeas corpus ad testificandum, ECF No. 67, which is construed as a motion for the attendance of an incarcerated witness at trial.

In an order requiring the parties to submit pre-trial statements in this case, the Court directed the parties to file concurrent with the pre-trial statements any motions necessary for the attendance of incarcerated witnesses at trial. See ECF No. 66. In that order, the Court outlined various requirements for such motions. See id. at 2-3. The order requires the moving party to: (1) state whether the incarcerated witness is willing to testify voluntarily; (2) provide the incarcerated witness' prison identification number; and (3) show the prospective witness' actual knowledge of relevant facts. See id.

///

1

Here, Plaintiff seeks an order directing the attendance at trial of incarcerated witness William Washington, CDCR No. AT6324, housed at California State Prison – Solano in Vacaville, California. See ECF No. 67. Plaintiff states that Mr. Washington is not willing to testify voluntarily. See id.

In support of his request, Plaintiff references a declaration signed by Mr. Washington, which Plaintiff attached to his original complaint. See id. (citing ECF No. 1, pg. 19). In this declaration, dated March 20, 2016, Mr. Washington states as follows:

> On November 23, 2015, at approximately 10:41 A.M., I was called off the yard to meet C/O M. Curry in Building 9, at Solano State Prison where I am currently being housed. The housing of I/M Alen, # AM3043 was discussed with me, in which I was asked if I/M Alem would be able to be housed with me. I explained to C/O Curry that I personally did not have an issue with I/M Alem being housed in my cell, but due to "prison politics" my race card would not allow this cell move, because I/M Alem does not program with the others card. After this discussion, I immediately left the building and returned to the yard.

ECF No. 1, pg. 19.

This case is ready for trial-setting on Plaintiff's claim that Defendant Curry violated Plaintiff's right to equal protection under the Fourteenth Amendment. See ECF No. 13 (service order). The Court summarized Plaintiff's claim as follows:

> Plaintiff alleges that on November 23, 2015, Officer M. Curry informed Plaintiff that he would be re-housed in a different cell. Plaintiff alleges that this re-housing was for the purpose of maintaining "ethnically segregated housing" in building number 9. Plaintiff contends that he objected to the move as he did not want to be housed with a prison gang member. Plaintiff alleges that despite this objection, and despite knowing that Plaintiff new cell mate would "have issues" with him, Curry ordered the move. . . .

Id. at 2.

Mr. Washington's March 2016 declaration shows that he has relevant knowledge of the events of November 23, 2015, upon which Plaintiff's claim against Defendant Curry are based. Specifically, Mr. Washington was the current occupant of the cell to which Plaintiff was being moved. Mr. Washington also spoke with Defendant Curry about the move. Though it is not clear to the Court how Mr. Washington's testimony will advance Plaintiff's case, particularly given that Mr. Washington does not appear willing to testify, the Court does find that Mr.

Washington nonetheless has relevant information to provide to the jury, either on direct examination by Plaintiff or cross examination by Defendant Curry. Plaintiff's motion for the attendance of Mr. Washington at trial will be granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's petition for a writ of habeas corpus ad testificandum, ECF No. 67, is construed as a motion for the attendance of incarnated witness William Washington at trial and, so construed, is granted;

2. By separate write issue in advance of trial, the Court will command Mr. Washington's appearance to testify; and

3. The Clerk of the Court is directed to terminate ECF No. 67 as a pending motion.

Dated: March 24, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3